UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAURA D.,

                                 Plaintiff,

      -against-                                    5:21-CV-0445 (LEK/TWD)

COMMISSIONER OF SOCIAL
SECURITY,

                                 Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

On April 20, 2021, pro se plaintiff Laura D. commenced this action pursuant to 42 U.S.C.

§ 405(g) seeking judicial review of a final decision of the Commissioner of Social Security

("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI"). Dkt. No. 1 ("Complaint"). On September 13, 2022, the

Honorable Thérèse Wiley Dancks, United States Magistrate Judge, recommended that the Court

deny Plaintiff's motion for judgment on the pleadings and affirm the Commissioner's decision

denying Plaintiff's applications. Dkt. No. 20 ("Report-Recommendation") at 1–2.[1] Plaintiff

objected to the Report-Recommendation on September 19, 2022. Dkt. No. 21 ("Plaintiff's

Objections"). Defendant responded on September 28, 2022 ("Defendant's Response"). For the

reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

### II.    STANDARD OF REVIEW

"Within fourteen days after being served with a copy [of the Magistrate Judge's report

and recommendation], any party may serve and file written objections to such proposed findings

---

[1] "[T]he Court treats [the parties' briefs] as motions under Federal Rule of Civil Procedure Rule 12(c) in accordance with General Order 18." R. & R. at 1.

and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R.

72.1. If objections are timely filed, a court "shall make a de novo determination of those portions

of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1)(C). De novo review "does not require the Court to conduct a new hearing;

rather, it mandates that the Court give fresh consideration to those issues to which specific

objections have been made." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d

404, 406 (S.D.N.Y. 2002).

However, if no objections are made, or if an objection is general, conclusory,

perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court

need only review that aspect of a report-recommendation for clear error. See DiPilato v. 7-

Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those

portions of a report and recommendation to which no timely objections have been made,

provided no clear error is apparent from the face of the record."); New York City Dist. Couns. of

Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party

makes only conclusory or general objections, or simply reiterates the original arguments, the

Court will review the [report and recommendation] strictly for clear error." (quoting Molefe v.

KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009))). Clear error "is present

when upon review of the entire record, the court is left with the definite and firm conviction that

a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F.Supp.3d 741, 744

(S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that

could have been, but was not, presented to the magistrate judge in the first instance. Hubbard v.

Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that

a district judge will not consider new arguments raised in objections to a magistrate judge's

report and recommendation that could have been raised before the magistrate but were not."

(internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should

be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at

340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at

*2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and

Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior

argument." DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Pinkney v.

Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21,

2008)).

## III.   DISCUSSION

Plaintiff filed her Objections on September 19, 2022, which, in their entirety, state the

following:

> I object to your order because I also was a party to three automobile
> accidents, a work injury, and a personal injury case. If you could
> please reconsider your order.

Pl.'s Obj. at 1. Given that Plaintiff is pro se, the Court is under an obligation to construe her

Objections as "rais[ing] the strongest arguments that they suggest." DiPilato, 662 F. Supp. 2d at

340. However, that leniency does not relieve Plaintiff of her own obligation to "clearly aim[]"

her Objections "at particular findings in the magistrate's proposal[.]" Id.

In her Objections, it is possible that Plaintiff is objecting to "the Magistrate Judge's summary of the facts and procedural history, which references only a single car accident in 2012[,]" as Defendant suggests. Def.'s Resp. at 2. But such an objection is too general to trigger de novo review from this Court. Plaintiff does not argue in any detail why these other accidents and injuries compromise the Magistrate Judge's finding that the ALJ's determination was supported by substantial evidence. As Defendant correctly points out, "Plaintiff fails to provide any details about the other injuries, such as when they occurred or how they" would have warranted "additional severe impairments or functional limitations" in the ALJ's analysis. Id.

It is also worth noting that Plaintiff failed to argue the significance of these other accidents and injuries in her original brief to this Court. See Dkt. No. 14 ("Plaintiff's Brief"). If the ALJ ignored these accidents and injuries in the record, that would certainly suggest his determination was not supported by substantial evidence. See generally Cruz v. Barnhart, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004) (observing that an ALJ cannot "pick and choose evidence in the record that supports his conclusions" (cleaned up)). But Plaintiff never suggested these incidents occurred or were in the record when she sought review of the ALJ's decision before the Magistrate Judge. "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Hubbard, 752 F. Supp. 2d at 312–13 (internal quotation marks omitted). Therefore, to the extent that Plaintiff's Objections raise the new argument that the ALJ ignored evidence of these other accidents and injuries in the record, the Court will not consider it because it was waived.

Accordingly, the Court reviews the Report-Recommendation for clear error. Having found none, the Court approves and adopts the Report-Recommendation in its entirety.

IV.    **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 20) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED**, that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED**, that the Commissioner's final decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:        September 30, 2022
              Albany, New York

LAWRENCE E. KAHN
United States District Judge